IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DR. PHYLLIS MARIE KNIGHT-BEY,  Plaintiff,  vs.  DON BACON, Nebraska Congressman of the United States; OFFICE OF INSPECTOR GENERAL (OIG); SOCIAL SECURITY ADMINISTRATION (SSA); NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS); SARAH E. PFEIFER, Disability Examiner for Nebraska Department of Education; and DR. CHRISTOPHER R. MILNE, PHD,  Defendants. | 8:19CV330  **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff purports to bring federal tort claims and criminal charges for "Social Security Insurance Fraud," embezzlement, "extortion fraud," theft, obstruction of justice, and mail fraud due to unpaid Social Security benefits that were approved, but were not received in full. Plaintiff's confusing Complaint seems to allege that she was

approved to receive SSI[1] and SSDI[2] benefits on October 15, 2015, and she was to begin receiving SSI benefits on November 1, 2015, and SSDI benefits on November 3, 2015; her benefits were "held back for 9 months in hopes that I would pass away due to the severity of my illness some greedy demon decided to play games with my life and mind by altering my medical records award start date using a psychiatric physician signature to falsify documents . . . altering my medical start to February 1, 2016 to embezzeling [sic] my money"; the Social Security Administration ("SSA") required Plaintiff to see a psychiatrist in order to diagnose her as delusional so the SSA could steal her SSI benefits; Plaintiff was entitled to two "benefit back payments"—one for a physical disability from October 15, 2015, to February 1, 2016, and one for a mental disability from February 1, 2016, to August 2016, but both types of benefits were "severely altered" downward due to "extreme calculated errors"; and the SSA unlawfully sent those back payments to the Nebraska Department of Health and Human Services ("DHHS"), which "stole" a portion of those benefits from Plaintiff. In general, Plaintiff complains that she has two disabilities, four "approval dates," and less-than-full disbursements that have robbed her of her approved benefits.

Plaintiff's Complaint (Filing 1) and Supplement (Filing 4) only minimally describe the particular actions of some of the Defendants: (1) Defendant Dr. Christopher Milne, PhD, is a former employee of the SSA who "forged" Plaintiff's medical documents to indicate a "false Supplemental Security Income approval date of June 2, 2016" instead of October 15, 2015; (2) the SSA Office of the Inspector General told her that her Social Security benefits were reduced to account for the time period in which Plaintiff lived with her son and did not pay for food or rent; and (3) Defendant Sarah E. Pfeifer, a disability examiner for the State of Nebraska, asked Plaintiff to allow her to set up an appointment with a psychiatrist to determine Plaintiff's "eligibility" even

---

[1] SSI stands for the SSA Supplemental Security Income program. *See* https://www.ssa.gov/disability/.

[2] SSDI stands for Social Security Disability Insurance. *See* https://www.ssa.gov/disability/.

2

though Plaintiff had been "approved for benefits on October 15, 2015" for her "heart disability."

Plaintiff requests "an audited and full payment disburs[e]ment of all my back payments, monthly payments and settlement in recovery of relief of said amount $1,000,000.00 in debt notes covering employee fraud damages." (Filing 1 at CM/ECF p. 3.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

3

## III. DISCUSSION

### A.  Defendant Congressman Bacon

Plaintiff makes no factual allegations regarding Defendant Bacon, nor is it apparent how this Defendant could have been involved in the SSA's failure to properly and fully disburse benefits to Plaintiff. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see also Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (unpublished) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against this Defendant.

### B.  Defendants SSA, OIG, and Dr. Milne

Suits against federal agencies (Defendants SSA and OIG in this case), as well government officials acting in their official capacities[3] (Defendant Milne, alleged to be a SSA employee when he committed the acts at issue), are really suits against the federal government itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, these Defendants enjoy sovereign immunity from suit absent consent, and such consent is a prerequisite for jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from

---

[3] Because Plaintiff's Complaint is silent as to whether Defendant Milne is sued in his official or individual capacity, it is presumed he is sued in his official capacity as an employee of the SSA when he allegedly "forged" Plaintiff's medical documents to indicate a false Supplemental Security Income approval date. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

4

suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Thus, the court in the first instance must determine whether a statutory waiver of sovereign immunity exists before it can allow claims against the federal government to proceed. *See Mitchell*, 463 U.S. at 212.

Plaintiff's claims in this case—based in fraud—would fall under the Federal Tort Claims Act[4] ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (Westlaw 2020), which provides "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). However, a "federal district court does not have jurisdiction over an FTCA claim unless it was first . . . presented to the appropriate federal agency . . . within two years of when the claim accrued." *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (quotation marks and citation omitted); 28 U.S.C. § 2675(a) (under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death" unless the claimant has first exhausted administrative remedies). Conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity. *Mader*, 654 F.3d at 808. Because Plaintiff's Complaint does not allege that she has exhausted her administrative remedies for purposes of the FTCA, such claims must be dismissed without prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (indicating that dismissal of FTCA action for lack of subject-matter jurisdiction should be without prejudice).

However, even if Plaintiff had exhausted her administrative remedies, the FTCA does not waive sovereign immunity for torts "arising out of . . . misrepresentation [or]

---

[4] Plaintiff's FTCA claim, if viable, could only proceed only against the United States. *See* 28 U.S.C. § 1346(b)(1); *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (federal agencies cannot be sued under FTCA; United States is proper defendant); *Anthony v. Runyon*, 76 F.3d 210, 212-13 (8th Cir. 1996) ("an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment"); *Bradley v. T.C. Outlaw*, No. 2:11CV153, 2011 WL 6937186, at *2 (E.D. Ark. Nov. 30, 2011).

5

deceit," 28 U.S.C. § 2680(h), which includes fraud claims like those asserted here. *United States v. Perry*, 706 F.2d 278, 279-80 (8th Cir. 1983) (dismissing tort counterclaim against FmHA because Eighth Circuit case law recognizes that 28 U.S.C. § 2680(h) bars tort claims against federal agencies based on fraud and negligent misrepresentation); *United States v. Longo*, 464 F.2d 913, 915 (8th Cir. 1972) (section 2680 specifically bars actions against the government based on misrepresentation or deceit).

Finally, courts have held that 42 U.S.C. § 405(h) bars tort claims such as fraud from being asserted against the SSA when the allegations "arise under" the Social Security Act. Here, Plaintiff's fraud claims directly relate to the SSA's erroneous distribution of benefits. This is exactly the kind of claim 42 U.S.C. § 405(h) prohibits. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [Federal Tort Claims Act] of Title 28 to recover on any claim arising under this subchapter."); *Schweiker v. Chilicky*, 487 U.S. 412, 429 (1988) (holding that § 405(h) prohibited plaintiffs from bringing action for emotional distress and loss of necessities caused by improper termination of Social Security disability benefits); *Cunningham v. Social Sec. Admin.*, 311 Fed. App'x 90, 92, 2009 WL 175076 (10th Cir. 2009) (unpublished) (42 U.S.C. § 405(h) prohibited claim for constructive fraud brought against SSA after SSA ordered plaintiffs to reimburse SSA for overpayment); *Jarrett v. United States*, 874 F.2d 201, 204-05 (4th Cir. 1989) (holding that § 405(h) bars action for intentional infliction of emotional distress caused by wrongful termination of benefits because such claim arose under the Social Security Act); *Calhoun v. Colvin*, No. 5:13-CV-108-D, 2014 WL 4243784, at *19 (E.D.N.C. July 22, 2014), *report and recommendation adopted*, No. 5:13-CV-108-D, 2014 WL 4243789 (E.D.N.C. Aug. 26, 2014) (plaintiff's claims against SSA for negligence, misrepresentation, and intentional infliction of emotional distress not permitted under 42 U.S.C. § 405(h)); *Greene-Major v. Comm'r of Soc. Sec. Admin.*, No. 3:10-1459, 2010 WL 3038319, at *2 (D.S.C. June 17, 2010), *report and recommendation adopted*, No. 3:10-1459, 2010 WL 3038430 (D.S.C. July 29, 2010) (42 U.S.C. § 405(h) prohibits seeking damages against the Commissioner of Social Security for fraud, among other tort claims).

6

For these reasons, this court lacks subject-matter jurisdiction over Plaintiff's fraud claims against the SSA, OIG, and Milne in his official capacity. Because amendment of Plaintiff's Complaint would be futile as to these claims, her Complaint must be dismissed as to these Defendants. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Canady v. I.R.S.*, No. 14-0952-CV-W-ODS, 2015 WL 1579848, at *2 (W.D. Mo. Apr. 9, 2015) (court lacked subject-matter jurisdiction over plaintiff's fraud claims against IRS because plaintiff failed to exhaust administrative remedies under FTCA and FTCA does not waive sovereign immunity for fraud claims); *Wong v. Rosenblatt*, No. 3:13-CV-02209, 2014 WL 1419080, at *2 (D. Or. Apr. 11, 2014) (any common-law tort claim based on deceit is expressly excluded from the FTCA; given plaintiffs' allegations of false representations, fraud, and wrongful possession, none of plaintiffs' claims were permitted by the FTCA); *Everts v. U.S. Soc. Sec. Admin.*, No. CIV.08-4690, 2009 WL 3062010, at *5 (D. Minn. Sept. 18, 2009) ("Absent a federal claim, this Court has no jurisdiction over a state-law cause of action such as fraud.").

### C. Defendant DHHS

Plaintiff alleges that after the SSA erroneously sent some of Plaintiff's back payments to the DHHS, the DHHS unlawfully retained a portion of those payments instead of sending them to Plaintiff. As an agency of the State of Nebraska, the DHHS is entitled to sovereign immunity from Plaintiff's claim, and this claim must be dismissed. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (noting that state sovereign immunity extends to state agencies); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("Suits in federal court against state agencies are . . . barred by the Eleventh Amendment when the suit is in reality a suit against the state" and when "any judgment rendered against the [agency] would ultimately come out of state funds." (internal quotation marks and citations omitted)); *Montgomery v. City of Ames*, 829 F.3d 968, 973 (8th Cir. 2016) (the State and its agencies are immune from suits for damages under Eleventh Amendment).

### D. Defendant Pfeifer

Because Plaintiff's Complaint is silent as to whether Defendant Pfeifer is sued in her official or individual capacity, it is presumed she is sued in her official capacity as a disability examiner for the Nebraska Department of Education. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). As is the case with Plaintiff's claim against the DHHS, Eleventh Amendment immunity "extends to actions against state officials sued in their official capacities." *Thomas v. Gunter*, 32 F.3d 1258, 1261 (8th Cir. 1994); *see also Glasgow v. Neb. Dep't of Corr.*, 819 F.3d 436, 441 n.5 (8th Cir. 2016) (Eleventh Amendment prohibits suits for damages against state officials in their official capacities). Thus, Defendant Pfeifer is immune from Plaintiff's claim for damages under the Eleventh Amendment.

### E. Criminal Charges

As best as the court can tell, Plaintiff would like criminal charges for embezzlement, "extortion fraud," theft, obstruction of justice, and mail fraud to be brought against the Defendants. However, a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted). Therefore, because the court does not have the authority to initiate a criminal

8

prosecution, Plaintiff's request to bring criminal charges against the Defendants does not state a federal claim.

IT IS ORDERED:

1. The Clerk of Court shall add the following Defendants to the case caption: Sarah E. Pfeifer, Disability Examiner for Nebraska Department of Education, and Dr. Christopher R. Milne, PhD.

2. Plaintiff's claims are dismissed as to all Defendants as follows: Plaintiff's claim against Defendant Bacon is dismissed for failure to state a claim upon which relief can be granted; Plaintiff's claims against Defendants Office of the Inspector General, Social Security Administration, and Milne in his official capacity are dismissed for lack of subject-matter jurisdiction; and Plaintiff's claims against Defendants Nebraska Department of Health and Human Services and Pfeifer in her official capacity are dismissed because such Defendants are entitled to sovereign immunity from Plaintiff's claims for damages.

3. Judgment dismissing this case shall be entered by separate document.

Dated this 21st day day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge